## Meixner, Appellant, *v.* Philadelphia Brewing Company.

*Negligence—Master and servant—Risk of employment.*

In an action by an employee against his employer to recover damages for personal injuries, it appeared that the plaintiff by direction of the defendant's agent or vice principal, was digging post holes along one side of an open lot of ground, which was separated from the pavement by a lattice fence, so constructed that one could see through it. Near this fence on the pavement, was a pile of bricks. After having dug three holes, and whilst digging the fourth, the bricks fell against the fence, breaking it and injuring him. There was no evidence to show what caused the bricks to fall. *Held*, that binding instructions for defendant were proper.

Argued Jan. 12, 1905. Appeal, No. 95, Jan. T., 1904, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1902, No. 3794, on verdict for defendant in case of Karoline Meixner, Administratrix of Engelbert Meixner, deceased, v. Philadelphia Brewing Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MARTIN, P. J.

At the trial binding instructions were given for defendant.

On a motion for a new trial DAVIS, J., filed the following opinion:

In this case a verdict was rendered for the defendant by direction of the court.

The plaintiff, by direction of the defendant's agent or vice principal, was digging post holes along one side of an open lot of ground, which was separated from the pavement by a lattice fence, so constructed that one could see through it. Near this fence, on the pavement, was a pile of bricks. After having dug three holes, and whilst digging the fourth, the bricks fell against the fence, breaking it and injuring him.

There is no evidence of negligence upon the part of the defendant; there is no testimony that this pile of bricks was improperly arranged. The evidence discloses simply that the pile fell and injured the plaintiff. Why it fell, or what caused it to fall, is not disclosed. There may have been many reasons. The plaintiff himself, in the use of his crowbar, might have caused it. The lot was open, the fence was open, the plaintiff could see, and did see, the bricks. He was as competent as was the defendant's agent to know of any danger which might exist. This is not a case where one has been compelled to perform a service in an admittedly dangerous place, as were those submitted in support of this rule. It is true that the servant is not called upon to set up his own unaided opinion against that of his superiors; he may rely upon their advice, and still more, upon their orders, notwithstanding many misgivings of his own, as was said in Williams v. Clark, 204 Pa. 416. In the present instance, however, if there was danger it was as open to the knowledge of the servant as it was to the master or the vice principal.

The plaintiff in this case was a cooper, and admitted that he had done some carpenter work in the laying of floors and work of that kind, but in this instance he was simply sent to dig holes, in which others placed posts for the erection of a coal bin; it was not in a place dangerous in itself, but it was in proximity to the pile of bricks; if there was any danger in the situation the plaintiff must have known it, and he therefore took the risk of his employment.

The rule for a new trial is refused.

*Error assigned* was in giving binding instructions for defendant.

*John A. Ward*, with him *Joseph M. Smith*, for appellant, cited: Garrity v. Penna. Casting & Machine Co., 17 Pa. Superior Ct. 623 ; Lee v. Electric Light, etc., Co., 140 Pa. 618 ; Johnston v. Ott Bros., 155 Pa. 17 ; Reese v. Clark, 198 Pa. 312 ; Giles v. Jones & McLauglins, 204 Pa. 444.

*Thomas Leaming*, for appellee, cited: Sykes v. Packer, 99 Pa. 465 ; McKinzie v. Phila., 8 Pa. C. C. Rep. 293 ; Durst v. Carnegie Steel Co., 173 Pa. 162.

PER CURIAM, February 13, 1905 :

This judgment is affirmed on the opinion of the court below refusing a new trial.